UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

JUN 20 2006



o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | |
|---|---|
| DOROTHY ANN DAUGHERTY, | Case No. 06-4107 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| PENN TREATY AMERICAN ᴿᴹ CORPORATION, PENN TREATY NETWORK AMERICA INSURANCE COMPANY and AMERICAN NETWORK INSURANCE COMPANY, | |
| Defendants. | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Plaintiff Dorothy Daugherty, for her Complaint, states as follows:

## PARTIES

1. Plaintiff resides at Waterford at All Saints ("Waterford") located in Sioux Falls, Minnehaha County, South Dakota.

2. Defendants, Penn Treaty American ᴿᴹ Corporation, Penn Treaty Network America Insurance Company and American Network Insurance Company, are corporations organized under the laws of the State of Pennsylvania, with a principal place of business at 3440 Lehigh Street, Allentown, Pennsylvania 18103.

3. Defendants are foreign insurance companies licensed to do business in South Dakota.

## JURISDICTION

4. This Court has jurisdiction over Plaintiff's complaint under 28 U.S.C. §1332(a)(1) because this action is between citizens of different states. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## FACTS

5. Plaintiff purchased a long-term care policy from Defendants in December of 1996, policy no. N415597.

6. Plaintiff paid monthly premiums to Defendants for this policy from December of 1996 through September 2005, when, at the urging of her physician, Plaintiff sold her three-story home and purchased a unit at Waterford, an assisted living facility.

7. At the time Plaintiff purchased her unit at Waterford, Defendants agreed an assisted living facility was necessary and agreed to provide her long-term care coverage. Defendants were paying benefits at the rate of $80.00 per day.

8. Pursuant to the express terms of the policy, in order to receive long-term care benefits one of the following conditions must occur: (1) it must be medically necessary; or (2) an insured must be unable to perform two or more activities of daily living; or (3) an insured must have a cognitive impairment. Medically necessary is

defined as care or services which are "recommended by Your Physician as necessary."

9. Then, after providing only a few months of coverage, in a letter dated January 18, 2005, Defendants notified Plaintiff that pursuant to the results of a recent functional assessment, her care needs did not meet the minimum eligibility requirements for coverage and thus she was no longer eligible for long-term care coverage, no further benefits were payable, and her claim had been closed.

10. Defendants sent Plaintiff a premium due notice in December, 2005, then in a separate letter dated January 18, 2006, Defendants notified Plaintiff that the policy was being cancelled retroactively.

11. In March 2006, Defendants wrote to Plaintiff concerning her interest in applying "for reinstatement" for policy; however, Plaintiff was merely paying the premiums (under protest) that Defendants wrongfully claimed were due, due to the improper elimination of her waiver of premium benefit for the preceding months. Further, Defendants, knowing full well that Plaintiff was residing in the assisted care facility at Waterford, sent her an application for coverage which specifically provided that she would be ineligible for coverage while living in an assisted care facility.

12. In an attempt to have coverage reinstated, Plaintiff forwarded Defendants two separate letters from her physician, Dr. Eric Larson, each stating that it is medically necessary for Plaintiff to reside at Waterford. Defendants have refused to acknowledge that these letters meet the express eligibility requirements within the policy entitling Plaintiff to coverage.

Daugherty vs. Penn Treaty, et al
Name of Document: Complaint
Page 4

## COUNT I

## BREACH OF CONTRACT

13. Plaintiff realleges paragraphs 1 - 12.

14. Plaintiff has been continuously entitled to long-term care coverage pursuant to the terms of the policy from the time Defendants began paying her benefits in 1996 of 2005 through the present.

15. Defendants breached the terms of the policy by wrongfully terminating payment of Plaintiff's long-term care benefits and wrongfully reinstating her premium payments.

16. Plaintiff is entitled to recover attorneys fees from Defendants due to their refusal to pay her benefits because such refusal is vexatious or without reasonable cause under SDCL 58-12-3.

## COUNT II

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

17. Plaintiff realleges paragraphs 1 - 12.

18. Defendants' long-term care policy, an insurance policy, contains an implied covenant by which Defendants owe a duty to act in good faith and to deal fairly with Plaintiff.

19. Defendants have breached this implied covenant by the following acts:

    a. by wrongfully terminating Plaintiff's benefit payments and reinstating Plaintiff's premium payments when Plaintiff continues to meet the eligibility

benefits under the policy;

b. by wrongfully misconstruing the eligibility requirements of the policy in order to terminate Plaintiff's coverage; and

c. by refusing to acknowledge the letters submitted from Plaintiff's physician establish that it is medically necessary for Plaintiff to reside at Waterford.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff realleges paragraphs 1 - 12.

21. As described above, Defendants have breached their duties to Plaintiff. Defendants' breach of the implied and express terms of the long-term care policy as described below have caused traumatic, emotional distress to Plaintiff:

a. Defendants have unlawfully terminated Plaintiff's benefit payments and compelled her to continue paying premiums under the policy so that she does not lose her policy and the nearly ten years of premiums she has paid thus far;

b. Defendants, while aware evidence exists to support the fact that benefits are medically necessary, have wrongfully terminated Plaintiff's benefits; and

c. Defendants' failure to construe their own policy according to its express terms.

Daugherty vs. Penn Treaty, et al
Name of Document: Complaint
Page 6

22. As a result of Defendants' breach of the implied and express terms of the policy, Plaintiff has suffered emotional distress consisting of nervousness and anxiety.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dorothy Daugherty prays for relief as follows:

1. For compensatory damages in an amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

3. That Plaintiff recover from Defendants interest as provided by law;

4. That Plaintiff recover from Defendants her disbursements and reasonable attorneys' fees, sales tax and costs; and

5. For such other relief as the Court deems proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated this ____ day of June, 2006.

WOODS, FULLER, SHULTZ & SMITH P.C.

By _____
Gary P. Thimsen
Cheri S. Raymond
300 South Phillips Avenue, Suite 300
Post Office Box 5027
Sioux Falls, South Dakota 57117-5027
(605)336-3890
Attorneys for Plaintiff